UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
KAREN SERANI,                                   Case No. 9:23-cv-7909

                      Plaintiff(s),             **COMPLAINT**

         -against-

GLEN COVE CITY SCHOOL DISTRICT
AND MARIA L. RIANNA, IN HER OFFICIAL
AND INDIVIDUAL CAPACITIES,

                      Defendant(s).
---------------------------------------------------------------X

Plaintiff Karen Serani, by her attorneys Preston & Wilkins LLC, 3000 Hempstead Turnpike, Suite 317, Levittown, New York 11756 complaining of the Defendants alleges and says:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Americans with Disabilities Act and the New York State Human Rights Law, Article 15 of the New York Executive Law Sections 290 *et seq.*, ("NY Executive Law"). This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§1331, and 1343, and has supplemental jurisdiction over state law claims of Plaintiff pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## ADMINISTRATIVE PROCEDURES

3. Plaintiff timely filed a Charge of Discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC") on or about April 2023.

4. Upon information and belief, the Charge of Discrimination was served upon Defendants and the Board of the Glen Cove City School District.

5. Defendants by Counsel filed an answer and response to the Charge of Discrimination.

6. On July 28, 2023, Plaintiff received from the EEOC a Dismissal and Notice of Rights.

7. Plaintiff has timely commenced this action within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights

8. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## THE PARTIES

9. Plaintiff Karen Serani is an American Citizen of the United States and is a resident of Plainview, New York.

10. Upon information and belief and at all relevant times mentioned herein, Defendant the Glen Cove City School District (the "District") was and is a public school district in Nassau County, New York.

11. The District's main office is located at 154 Dosoris Lane, Glen Cove, New York 11542.

12. The District is an employer within the meaning of the Americans with Disabilities Act ("ADA") and the New York Executive Law.

13. Defendant Maria L. Rianna is employed by the District as the Superintendent of Schools. Maria Rianna is being sued in her individual and official capacities.

## STATEMENT OF FACTS

14. In 2021 Plaintiff Serani had worked for the District for over thirty (30) years as a health and physical education teacher. The District comprises four elementary schools, one middle school and one high school.

15. Ms. Serani has been a physical education teacher at Glen Cove's Landing Elementary School for over twenty-five years, although Ms. Serani worked for a brief time at Glen Cove's Middle School in the 1990s. Ms. Serani primarily teaches physical education and not health at Landing Elementary. The only health class she has taught is a once-a-year lesson about puberty to fifth graders.

**Openings In the District's Health and Education Department**

16. In or about November 2021, Peter Cardone, the then Director of Health, Physical Education and Athletics tendered his resignation to the District's Borad of Education because he was taking a position in another school district.

17. On December 15, 2021, the District's Board of Education approved a leave of absence for Kim Riso, so that she could accept Mr. Cardone's position and become the Interim Director of Health, Physical Education and Athletics.

18. Kim Riso was the Glen Cove High School health and physical education teacher.

19. Kim Riso was the only female health and physical education teacher at the High School. Since students change their clothes for physical education classes at the High School, a female physical education teacher was needed to access the locker room, if necessary.

20. Accordingly, Glen Cove High School needed a female physical education teacher to replace Ms. Riso at the High School.

21. Glen Cove hired Taylah Hudson, a female in her twenties, to replace Ms. Riso at the High School. Taylah Hudson was not Health Certified.

**The Involuntary Transfer of Karen Serani to The High School**

22. On December 17, 2021, Defendant Rianna, met with Ms. Serani, along with Alison Fletcher, Union President. Ms. Rianna told Ms. Serani that she was being transferred to the High School to finish the 2021-22 school year where she would teach both health and physical education (as previously discussed, Ms. Serani did not teach health during her 25 years at Landing Elementary, other than once a year class to fifth graders about puberty).

23. Ms. Serani was inconsolable and upset about the transfer because she was the most senior, near retirement teacher now faced with a transfer to the High School that was going to be overwhelmingly difficult.

24. In her 30 years of service at the District, Ms. Serani had not taught High School students health or physical education. Ms. Serani would now be required to work exceedingly more hours to learn the high school physical education curricula, scope and sequencing units, attendance procedures, testing procedures, grading policies, cutting policies, homework protocol, which were markedly different than the policies, criteria, and standards she has been implementing at the elementary school for more than twenty-five years.

25. Additionally, Ms. Serani would now need to teach and interact with high school students, which is far different than teaching elementary school age children.

26. Ms. Serani was so distraught at the transfer that she was not eating or sleeping and was suffering from panic attacks and anxiety.

27. Ms. Serani's physician wrote an absence note for Ms. Serani indicating that she was suffering physical and emotional illness symptoms of panic and anxiety, as a result of the meeting on December 17, 2021, related to her transfer to the High School.

28. Ms. Serani then came under the care of a Psychologist and Psychiatrist, who diagnosed her with Post Traumatic Stress Disorder.

29. In December 2021, Ms. Serani requested leave pursuant to the Family and Medical Leave Act ("FMLA") which was granted. Ms. Serani then requested FMLA leave from January 12, 2022, through April 12, 2022, which was granted by the District.

30. On July 19, 2022, Ms. Serani filed a complaint with the New York State Division of Human Rights charging the District with unlawful discrimination in her employment due to her age in violation of the N.Y. Executive Law Art. 15.

31. Due to her ongoing condition, Ms. Serani requested two additional leaves of absence, which were granted and expired on October 31, 2022.

32. On or about October 6, 2022, Ms. Serani submitted documents requesting a catastrophic leave of absence, due to her new diagnosis of Chronic PTSD.

33. As a result of her Chronic PTSD, her physicians concluded that Ms. Serani had functional impairments and an inability to work at all.

34. Ms. Serani's condition qualified her as having a disability under the ADA because her condition substantially limited her ability to engage in major life activities.

35. In violation of the Teacher's Union Contract with the District, the District requested additional medical documentation from Ms. Serani's primary care physician, which Serani provided on October 8, 2022.

36. On October 31, 2022, Serani followed up with the District regarding her catastrophic leave of absence, as Ms. Serani had not received a response from the District. The District was not diligent in contacting Serani regarding her request.

37. In violation of the Union Contract, the District now demanded that Serani be examined by a psychiatrist appointed by the District, which Serani refused.

38. Upon information and belief, the District had not previously had an employee submit to a Psychiatric examination in evaluating a request for catastrophic leave.

39. The District and Defendant Rianna then denied Serani's request for catastrophic leave.

40. Since Serani had exhausted of all her leave and had not recovered from her PTSD, she had to retire in November 2022. Serani intended to return to work in February 2023 as was stated in the initial Catastrophic Leave request letter.

41. Upon information and belief, Defendants denied her request for catastrophic leave because she was suffering from the chronic PTSD, which is a disability under the ADA.

42. Additionally, Defendants' denied Ms. Serani's request for catastrophic leave in retaliation for Ms. Serani having previously filed a complaint of discrimination.

43. Based upon the above, Plaintiff believes that she was subject to discrimination in violation of ADA and the New York Executive Law.

## FIRST CAUSE OF ACTION
(Violation of the ADA)

44. Plaintiff repeats and realleges the averments of paragraph 1 through 43 as if fully set forth

herein.

45. By reason of the foregoing, the Defendants have deprived Plaintiff of certain benefits, privileges, terms, and conditions of her employment in violation of ADA by discriminating against Plaintiff because of her disability.

46. As a result of the Defendants actions, Plaintiff suffered damages, irreparable harm and injury.

## SECOND CAUSE OF ACTION
(Violation of the New York Executive Law)

47. Plaintiff repeats and realleges the averments of paragraph 1 through 46 as if fully set forth herein.

48. By reason of the foregoing, the Defendants has deprived Plaintiff of certain benefits, privileges, terms and conditions of her employment in violation of the New York Executive Law by discriminating against Plaintiff because of her disability.

49. All Defendants are jointly and severally liable because they discriminated against Plaintiff, exercised control over personnel decisions and/or aided and abetted the discrimination against the Plaintiff.

50. As a result of the Defendants actions, Plaintiff suffered damages, irreparable harm and injury.

## THIRD CAUSE OF ACTION
(Retaliation in Violation of the New York Executive Law)

51. Plaintiff repeats and realleges the averments of paragraph 1 through 50 as if fully set forth herein.

52. By reason of the foregoing, the Defendants has deprived Plaintiff of certain benefits, privileges, terms and conditions of her employment in violation of the New York Executive Law by retaliating against Plaintiff for her prior complaint of discrimination.

53. All Defendants are jointly and severally liable because they discriminated against Plaintiff, exercised control over personnel decisions and/or aided and abetted the discrimination against the Plaintiff.

54. As a result of the Defendants actions, Plaintiff suffered damages, irreparable harm and injury.

**WHEREFORE**, Plaintiff respectfully requests the entry of Judgment in favor of the Plaintiff against Defendants, in an amount to be determined by the Court for compensatory, consequential punitive damages, attorney fees, interest and cost.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all triable issues of law.

Dated: October 24, 2023
       Levittown, New York

Yours etc.,
Preston & Wilkins LLC

*/s/ Gregory R. Preston*

By: Gregory R. Preston, Esq.
Attorneys for Plaintiff
3000 Hempstead Tpke, Suite 317
Levittown, New York 11756
(212) 809-5808